# Richmond

## Industrial Development Authority of the City of Chesapeake v. Harold F. Suthers, Chairman, Etc.

October 9, 1967.

Record No. 6589.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Harry Frazier, III (Jack H. Spain, Jr.; Hunton, Williams, Gay, Powell and Gibson, on brief), for petitioner.*

*James M. Pickrell (James A. Johnson; Kellam and Kellam, on brief), for respondent.*

Per Curiam.

The Industrial Development Authority of the City of Chesapeake has filed a petition for rehearing directed to Part V of the opinion handed down by this court on June 12, 1967. (208 Va. 51, 155 S. E. 2d 326.) The Authority states in its petition that it is uncertain whether we intended to hold unconstitutional only the fourth sentence of Code, § 15.1-1382 or whether we intended, as well, to hold unconstitutional the third sentence of the Code section.

The third sentence of Code, § 15.1-1382 provides that a lessee of industrial authority property shall pay, as additional rent, "an amount in lieu of and equal to local property taxes and assessments." The fourth sentence of the Code section permits an authority and the political subdivision in which the facility is located to "agree at any time to a definite sum to be paid as local property taxes and assessments throughout the duration of the lease."

The Authority contends, in its petition for rehearing, that the third sentence of Code, § 15.1-1382 was not challenged in this proceeding. That contention, however, overlooks the position taken by the respondent in his brief where he stated: "Evans Products Company on the matter of taxation (its leasehold interest) is not entitled to any exemption or deviation and must be taxed *upon the same basis as any other holder of a leasehold interest IN the City of Chesapeake,*" and where he stated that "Section 15.1-1382 insofar as it provides [quoting the third and fourth sentences] is unconstitutional."

For reasons set forth in our opinion of June 12, 1967, we held unconstitutional not only the fourth sentence of Code, § 15.1-1382 but also the third sentence of that Code section, which provides for payments in lieu of taxes. We pointed out that Code, § 15.1-1382 "has the effect of exempting the lessee of industrial authority property from the payment of a leasehold interest tax imposed pursuant to Code, § 58-758," and "has the further effect of permitting taxation by agreement rather than by the levy and collection of taxes under general law as required by § 168 of the Constitution." 208 Va., at 61, 155 S. E. 2d, at 334.

The Authority, in its petition for rehearing, expresses concern that a lessee of industrial authority property may be obligated to make payments in lieu of taxes under the third sentence of Code, § 15.1-1382 and to pay also the leasehold interest tax assessed under Code, § 58-758. There should be no reason for such concern, however, in view of the holding in our opinion of June 12, 1967, that the provisions of Code, § 15.1-1382 relating to payments in lieu of taxes are unconstitutional.

The petition for rehearing is, therefore, denied.

*Rehearing denied.*

## Rules of Court

## Orders Amending

VIRGINIA:

In the Supreme Court of Appeals held at the Supreme Court of Appeals Building in the City of Richmond· on Wednesday the 29th day of November, 1967.

It is ordered that the Rules adopted and promulgated by this Court on the 13th day of October, 1949, to become effective on the 1st day of February, 1950, be and they are hereby amended, effective the 1st day of February, 1968.

Amend Rule 2:2 to read as follows:

### Rule 2:2. Commencement of Suits in Equity—The Bill of Complaint.

A suit in equity shall be commenced by filing a bill of complaint in the clerk's office. The suit is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the subpoena in chancery is issued.

The bill shall be captioned with the name of the court and the full style of the suit. The requirements of § 8-46.1 of the Code of 1950 may be met by giving the address or other data after the name of each defendant.

It shall be sufficient for the prayer of the bill to ask for the specific relief sought, and to call for answer under oath if desired. Without more it will be understood that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; that proper process against them is requested; that answers under oath are waived, except when required by law; that all proper references, inquiries, accounts and decrees are sought; and that such other and further and general relief as the nature of the case may require and to equity may seem meet is prayed for and may be granted. No formal conclusion is necessary.

In Part Four, Pretrial Procedures, following Rule 4:13, add the following Rule:

Service of all notices for the taking of depositions upon oral examination or upon written interrogatories under Rules 4:5 and 4:6, of all interrogatories to parties under Rule 4:8, of all motions under Rule 4:9 and all requests for admission under Rule 4:11 shall be by delivering or mailing a copy to counsel of record for each party or to such party should he have no counsel of record with certificate of such service as provided in Rules 2:17 and 3:15. Service of all notices for the taking of all depositions under Rule 4:2 shall be made on each adverse party by a sheriff or sergeant or as provided by Rule 1:14.

In pursuance of the provisions of the Code of 1950, § 8-86.1, it is ordered that the amendments to the Rules as adopted shall be certified to every court of record in this state.

> A Copy,
> Teste:
> H. G. Turner, Clerk

VIRGINIA:

In the Supreme Court of Appeals held at the Supreme Court of Appeals Building in the City of Richmond on Monday the 27th day of November, 1967.

This day came the Virginia State Bar, by William C. Worthington, Esquire, its President, and filed a petition, approved by the Council of the Virginia State Bar, praying that the Rules for Integration of the Virginia State Bar be amended as follows:

The first sentence of the second paragraph of Rule 4, Section IV, of the Rules for Integration of the Virginia State Bar be amended to read:

"4. OFFICERS.—***

There shall also be a Secretary-Treasurer who shall also bear the title of Executive Director and who shall be elected annually by the Council."

Upon consideration whereof, it is ordered that the Rules for Integration of the Virginia State Bar be, and the same are hereby,

amended, in accordance with the prayer of the petition aforesaid, effective February 1, 1968.

In pursuance of the provisions of the Code of 1950, § 8-86.1, it is ordered that the amendments to the Rules as adopted shall be certified to every court of record in this State.

A Copy,
Teste:
H. G. TURNER, Clerk